UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

VALARIE E. MYERS,               )
                                )
        *Plaintiff*,            )
                                )
v.                              )      Case No. 1:06-cv-214
                                )
CITY OF CHATTANOOGA, *et al.*,  )      Judge Mattice
                                )
        *Defendants.*           )

## MEMORANDUM AND ORDER

Plaintiff brings the instant action pursuant to 42 U.S.C. §§ 1981, 1983, and 1985. Plaintiff also asserts various state-law claims. She alleges, *inter alia*, violations of her rights under the "Fourth, Eighth,[1] and Fourteenth Amendments to the United States Constitution . . . ." (Court Doc. 1, Compl. ¶ 1.) Specifically, Plaintiff alleges that Defendant Noorbergen falsely arrested her and subjected her to excessive force. Before the Court are Defendants' Motions for Summary Judgment [Court Docs. 24, 25]. For the reasons set forth below, the Court will **GRANT** these motions.

## I.      SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

---

[1] As a preliminary matter, the Court notes that the Eighth Amendment's protections against cruel and unusual punishment apply only to post-conviction inmates. *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005); *Barber v. City of Salem*, 953 F.2d 232, 235 (6th Cir. 1992). As Plaintiff's § 1983 claims relate only to her arrest and pre-trial detention, and not to any post-conviction treatment, Plaintiff cannot sustain such an Eighth Amendment claim. Accordingly, Plaintiffs' § 1983 claims for cruel and unusual punishment will be **DISMISSED WITH PREJUDICE**.

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may meet this burden either by producing evidence that demonstrates the absence of a genuine issue of material fact or by simply " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. To refute such a showing, the nonmoving party may not simply rest on its pleadings. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996); *see Anderson*, 477 U.S. at 249. The nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to

make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II.    FACTS

The facts, viewed in the light most favorable to the Plaintiff, are as follows.

On October 12, 2005, Plaintiff was arrested by Defendant Noorbergen and charged with disorderly conduct and resisting arrest. (Court Doc. 72-3, Order for Expungement Of Criminal Records.) In effecting Plaintiff's arrest, Defendant Noorbergen handcuffed Plaintiff and then "pulled on the handcuffs" to force Plaintiff to walk backwards towards Defendant Noorbergen's patrol car. (Court Doc. 61-2, Pl.'s Aff. ¶ 18.)

After appearing twice before the Hamilton County General Sessions Court, the charges against Plaintiff were dismissed. (Pl.'s Aff. ¶ 20.) Plaintiff was ordered to pay court costs and pay an additional amount for expunction. (Court Doc. 42-2, Pl.'s Dep. 143.) Plaintiff "was told that the charges were dismissed . . . but [that she] had to pay" costs. (*Id*. 144.) According to Plaintiff's attorney during these proceedings, "[t]he charges against Ms. Myers were dismissed out right, not based upon judicial or pretrial diversion." (Court Doc. 72-7, Aff. of Yolanda Mitchell ¶ 4.) The Hamilton County General Sessions Court's Order of

Expungement recites only that Plaintiff's "[c]harge has been dismissed (T.C.A. § 40-32-101)."

## III. ANALYSIS

### A. 42 U.S.C. § 1983

Defendants contend that Plaintiff's claims are barred by the doctrine announced by the Supreme Court of the United States in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnotes omitted). Thus, *Heck* acts as a bar to a plaintiff's claims under § 1983 unless the prior criminal proceeding was terminated in favor of the plaintiff. *Id.* 484-85. But *Heck* also dictates when the statute of limitations as to these claims begins to run. "It delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn." *Wallace v. Kato*, __ U.S. __, 127 S.Ct. 1091, 1098 (2007) (emphasis removed).

To evaluate Defendants' argument, the Court must first determine whether Plaintiff's underlying criminal case implicates *Heck*. If it does, the Court must next determine whether *Heck* bars each of Plaintiff's claims.

1.      _Whether Plaintiff's Underlying Criminal Case implicates_ Heck

The precise disposition of Plaintiff's criminal charges in Hamilton County General Sessions Court is unclear.  It is undisputed, however, that Plaintiff was ordered to pay court costs and the cost associated with expunction of her records.  Tennessee Code Annotated § 40-32-101(e) provides, in pertinent part:

> It is the intent of the general assembly that no fee ever be charged a person who is petitioning a court for expunction of records because:
>
> > (1) The charge against the person was dismissed for a reason other than the successful completion of a diversion program pursuant to §§ 40-15-102 – 40-15-106 or § 40-35-313 . . . .

Assuming, as the Court must, that the Hamilton County General Sessions Court was complying with Tennessee law, its order to pay costs associated with Plaintiff's expunction necessarily implies Plaintiff's successful completion of a diversion program ordered by the court.

Although Plaintiff's former counsel avers that the dismissal of Plaintiff's charges was not based on judicial diversion, she provides no factual basis for her conclusory statement.   In response to a motion for summary judgment, the opposing party must "set forth specific facts showing that there is a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2).  "The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." _Lujan v. Nat'l Wildlife Fed'n_, 497 U.S. 871, 888 (1990).  The fact that Plaintiff's former counsel's affidavit is conclusory as to an issue of law (_i.e._, the disposition of Plaintiff's criminal

charges) does not except it from the requirements of Rule 56(e)(2).  *See Childress v. Cafaro Co.*, No. 5:06CV-54-R, 2006 WL 2241236, at *2 (W.D. Ky. Aug. 4, 2006) (rejecting an affidavit conclusory as to corporate ownership and structure).

The Court finds that the facts, taken in the light most favorable to Plaintiff, establish that Plaintiff's charges were disposed of through a program of judicial diversion pursuant to Tenn. Code Ann. § 40-35-313.   Tennessee Code Annotated § 40-35-313 addresses judicial diversion as a means of sentencing, and states in part that "[t]he court may defer further proceedings against a qualified defendant and place the defendant on probation upon such reasonable conditions as it may require without entering a judgment of guilty and with the consent of the qualified defendant."   To qualify, a defendant must, *inter alia*, be "found guilty of or plead[] guilty or nolo contendere to the offense for which deferral of further proceedings is sought . . . ."   Tenn. Code Ann. § 40-35-313(a)(1)(B)(i)(*a*).   Neither is a favorable determination for purposes of *Heck*. *See Shelton v. City of Taylor*, 92 Fed. App'x 178, 183 (6th Cir. 2004) (holding that a plea agreement resulting in a no-contest plea and dismissal of charges is not a favorable determination for purposes of *Heck*).   Further, although Plaintiff's charges have been expunged, nothing in the record suggests that this expunction was pursuant to an executive order, so as to serve as a favorable determination.   *See Heck*, 512 U.S. at 486-87.   Accordingly, the underlying criminal proceedings against Plaintiff were not terminated in her favor for purposes of *Heck*.

2. *False Arrest under 42 U.S.C. § 1983*

Plaintiff's false arrest claims turn on whether Defendants had probable cause to arrest Plaintiff. *Gumble v. Waterford Township*, 171 Fed. App'x 502, 507 (6th Cir. 2006) (citing *Mark v. Furay*, 769 F.2d 1266, 1269 (7th Cir. 1985)). This Court could not sustain these causes of action without finding that Defendants lacked probable cause. Such a finding, however, would implicitly invalidate Plaintiff's state-court resolution, which could not stand without probable cause. Accordingly, Plaintiff's claims of false arrest and false imprisonment under § 1983 trigger *Heck*. *See Wolfe v. Perry*, 412 F.3d 707, 714-15 (6th Cir. 2005). The Court will **DISMISS WITHOUT PREJUDICE** these claims as barred by *Heck*. *See Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999) (holding that appellant's § 1983 clams barred by *Heck* "must be dismissed without prejudice until . . . any conviction has been overturned on appeal or questioned in a federal habeas corpus petition").

3. *Excessive Force under § 1983*

Defendants also contend that Plaintiff's § 1983 claim of excessive force is barred by *Heck*. The United States Court of Appeals for the Sixth Circuit recently examined a § 1983 claim of excessive use of force stemming from a charge of resisting arrest under Tennessee law. "[U]nder Tennessee law, an officer's excessive use of force is a defense to a charge of resisting or evading arrest; thus, a guilty plea and resultant conviction of such a charge necessarily includes a finding that the officer did not use excessive force." *Roberts v. Anderson*, 213 Fed. App'x 420, 427 (6th Cir. 2007); *see also Cummings v. City of Akron*, 418

F.3d 676, 683 (6th Cir. 2005) ("[Plaintiff] could have raised excessive force as a defense to the assault charge, but instead he chose not to contest the charge. Thus, we hold that *Heck* bars [Plaintiff]'s excessive force claim from moving forward . . . ."). The Sixth Circuit's reasoning in *Roberts* is squarely applicable to the instant question under *Heck*. If Plaintiff were successful in her § 1983 excessive force claim, the resolution of her charge for resisting arrest would be invalidated by implication. Accordingly, *Heck* bars Plaintiff's claim of excessive force under § 1983, which the Court will **DISMISS WITHOUT PREJUDICE**.

### C.  42. U.S.C. §§ 1981, 1985

While Plaintiff fails to specify under which provision of § 1985 she pursues relief, only § 1985(3), which prohibits conspiracies to deprive persons of their equal protection rights, is arguably applicable. To sustain such a claim, Plaintiff must establish, *inter alia*, "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Kush v. Rutledge*, 460 U.S. 719, 726 (1983). Thus, Plaintiff must plead and prove a "class-based motivation with regard to defendants' actions." *Fox v. Mich. State Police Dept.*, 173 Fed. App'x 372, 376 (6th Cir. 2006) (citing *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004).

Plaintiff, by her own admission, has failed to do so. In her Response to Defendant City of Chattanooga's Motion for Summary Judgment (Court Doc. 61), Plaintiff states that *"[t]he evidence shows a lack of regard for the entirety of the public, not just blacks, and the jury can come to that conclusion.*" As Plaintiff admits that her proof demonstrates allegedly illegal treatment of all people, and

not just those of a certain protected class, her argument fits with a cause of action granted by § 1983, not § 1985. For the same reason, Plaintiffs' claim under § 1981 fails. *See* 42 U.S.C § 1981(a) ("All persons within the jurisdiction of the United States shall have the same right[s] in every State and Territory . . . as [are] enjoyed by white citizens . . . ."). Accordingly, the Court will **DISMISS WITH PREJUDICE** Plaintiff's claims under §1981 and § 1985.

## IV.  CONCLUSION

For the reasons explained above, Defendant Leigh Taylor Noorbergen's Motion for Summary Judgment [Court Doc. 24] and Defendant City of Chattanooga's Motion for Summary Judgment [Court Doc. 25] are **GRANTED**. Plaintiff's claims under 42 U.S.C. § 1983 are **DISMISSED WITHOUT PREJUDICE** as to her claims under the Fourth and Fourteenth Amendments and **DISMISSED WITH PREJUDICE** as to her claim under the Eighth Amendment. Plaintiff's claims under 42 U.S.C. §§ 1981 and 1985 are **DISMISSED WITH PREJUDICE**. As only Plaintiff's state law claims remain, the Court **DECLINES** supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(c)(3) and **DISMISSES WITHOUT PREJUDICE** such claims.

SO ORDERED this 5th day of September, 2008.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE
